VALIENTE & CÍA., Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, HON. FERNANDO GALLARDO, Respondent; FRANCISCA OQUENDO ET AL., Interveners.

No. 1705. Argued December 10, 1947.—Decided January 15, 1948.

*Edelmiro Martínez Rivera* and *Luis Blanco Lugo,* for petitioner; *Bauzá & Bauzá,* for interveners, complainants in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Francisca Oquendo and others filed, in the Municipal Court of Toa Alta, an action for wages against the petitioner herein Valiente & Cía.  From an adverse judgment rendered by said court, the claimants appealed to the District Court of Bayamón, which, after a trial *de novo,* adjudged the defendant to pay certain sums.  Feeling aggrieved by that decision, Valiente & Cía. applied to us for a writ of certiorari, and after the writ was issued, the case was finally submitted to our consideration.

The petitioner urges that the judgment rendered by the District Court of Bayamón is erroneous because:

"(a) The very findings of fact made by the lower court show that plaintiffs' claims had, for the most part, prescribed, as the 3-year limitation period had fully elapsed at the time of the filing

of the claims . . . said claimants having abandoned their work for a considerable period of time, in an industry which operates uninterruptedly, without offering any explanation therefor, . . . '' and

'' (b) Claimants' own evidence shows that some of the claimants are married women, and it does not appear from the pleadings or the proof that they have appeared represented or assisted by their respective husbands . . . ''

The record shows that the petitioner repeatedly raised in the lower court the two objections stated above and that, although said court overruled the first, it did not pass on the second at all.

In the statement of facts and amended opinion rendered on April 18, 1947 by the district court, there are set forth the various periods of time worked by each and every one of the claimants, but nothing is said as to the fact of some of the claimants being married. However, it is indisputable that, in order to decide the two questions raised, this Court needs the transcript of the evidence, duly approved by the lower court.

■ The petitioner attached to its petition for certiorari a carbon copy of a part of the transcript of the evidence. We say ''a part'' because it is inferred from the aforesaid statement of facts and amended opinion that on December 5, 1946, a further hearing was held before Judge Gallardo, and the above-mentioned transcript does not include the evidence introduced at that hearing. The partial transcript of the evidence is apparently signed by the stenographer who prepared it, but it has not been approved by the lower court. Under those circumstances, we can not take it into consideration either.

■■ It was incumbent on the petitioner to place this Court in a position to decide the questions raised by it and, to that end, it should have sent up the whole transcript of the evidence, duly approved by the lower court. Since it failed to do so, the writ issued ought to be discharged. However, since we are dealing with a special certiorari proceed-

ing under § 12 of Act No. 10 of 1917 (vol. II, p. 216), as amended by Act No. 17 of 1945 (Laws of 1945, p. 44), and this Court has not hitherto determined the specific documents that should be sent up after the issuance of a writ of this sort, and further, since the writ issued in the instant case contained no instruction as to the submission of a transcript of the evidence, the petitioner Valiente & Cía. is granted 30 days to file with the record of this proceeding the said transcript of evidence in the form indicated above. In default thereof, the writ issued shall be discharged.